**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS BERRIOS,**

                      **Plaintiff,**

**-vs-**                                                            **Case No. 6:09-cv-789-Orl-22DAB**

**COUNTRYWIDE HOME LOANS, INC.,**

                      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 23)**
>
> **FILED:** December 3, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the representations of counsel, Plaintiff was employed by Defendant as a loan officer from November 2006 to December 2007. Doc. No. 11-2. The extent of Plaintiff's entitlement to overtime and classification as exempt was disputed by both sides, with Plaintiff originally seeking $8,575.20 for overtime and an equal amount in liquidated damages, or $17,150.40. Doc. Nos. 11-2; 23 at 3. The settlement to Plaintiff of $11,100 in unpaid wages and liquidated damages represents approximately 65% of the disputed amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $5,000 in attorney's fees and costs. Plaintiff's counsel, Carlos Leach, Esq. accrued 19.9 hours in the litigation at a proposed hourly rate of $250 and his paralegals accrued 6.1 hours at hourly rates of $95 to $105, which amounted total fees incurred of $ 5,756. Although Mr. Leach has calculated his fees at an hourly rate above the rate typically awarded to him by this Court ($190), considering the difference between the Court's potential recalculation (set forth in the chart below) and the $5,000 for fees and costs provided

in the settlement agreement is a difference of less than $200, the amount for fees as a whole is not unreasonable.

|  | Reasonable hours | Proposed rate | Reasonable rate | Revised |
|---|---:|---:|---:|---:|
| Carlos Leach, Esq. | 19.9 | $250.00 | $190.00 | $3,781.00 |
| Paralegal Saragih | 1.7 | $95.00 | $95.00 | $161.50 |
| Paralegal Martinez[1] | 4.4 | $105.00 | $105.00 | $462.00 |
| Fees |  |  |  | $4,404.50 |
| Costs (filing & process) |  |  |  | $400.00 |
| Total if Revised |  |  |  | $4,804.50 |
| Settlement Amt. |  |  |  | $5,000.00 |

Accordingly, settlement in the amount of **$11,100** to Plaintiff for unpaid wages and liquidated damages, and **$5,000** for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement as structured be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[1] Law clerk awaiting the results of the summer session of the Florida Bar exam.

-3-